LESSEE OF AMOS BINNEY, PLAINTIFF IN ERROR v. THE CHESAPEAKE AND OHIO CANAL COMPANY.

The case was argued by Mr Key and Mr Jones, for the plaintiff in error ; and by Mr Coxe and Mr Swann, for the defendants.

216

Mr Swann and Mr Coxe, for the defendants in error.

Mr Jones and Mr Key, for the plaintiff in error.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This was an action of ejectment, brought by the lessee of Amos Binney, in the court of the United States for the district of Columbia, sitting in the county of Washington. It was agreed by the parties that the declaration should be amended, by adding a demise from J. K. Smith, one from the heirs of Amos Cloud, and one from John Way. This amended declaration, however, does not appear in the record, and was not filed in the circuit court.

The following statement is made, as forming a case agreed:

The plaintiff's title depends on the title papers herewith shown to the court; the due authentication of which is ad-

mitted, viz. the patents for Amsterdam and White Haven, and the several mesne conveyances, decrees, &c. from the patentees down to the plaintiffs; and it is admitted that the plaintiff's lessor, J. K. Smith, was in possession in June 1812, when the condemnation hereinafter mentioned was made of the land comprized within said condemnation, and that it is a part of the said two tracts of land.

It is admitted that the Potomac Company, in the year 1793, condemned certain lands, as appears by their said inquisition and condemnation and plot hereto annexed, for their canal and locks through the aforesaid tracts of land, and other adjacent tracts, as noted on said plot.

And it is admitted, that on the 23d of June 1812, an inquisition was held, and condemnation had by said company, as appears by the papers hereto annexed; and it is admitted that the location of the land so last condemned, and the new locks erected thereon, and the old locks erected on the land condemned, as aforesaid, in 1793, is truly shown by a plot thereof made out by Thomas F. Percell and William Bussard, hereto annexed.

And it is further admitted that the Potomac Company, after said respective condemnation, entered upon the lands so condemned, and erected thereon the locks as shown in the said plot, and continued in possession until transferred to these defendants, the Chesapeake and Ohio Canal Company; which said company have continued in possession ever since.

Upon which case agreed, it is submitted to the court to say, first, whether the plaintiff has shown title? and, second, whether the condemnation of 1812 aforesaid divested the plaintiff's title, and gave a valid title to the Potomac Company?.

It is agreed that all the papers mentioned and referred to in the aforegoing case agreed, may be omitted in the record of this case, and may be used in the supreme court as if contained in the record.

The circuit court decided both points in favour of the defendants; and the plaintiffs have brought the cause before this court by writ of error.

The abstract laid before the court by consent of parties, does not show a regular title in the plaintiff; and the case does not, we think, find a possession of twenty years, anterior to the

inquisition, which would constitute a title in ejectment. It presents evidence from which a jury might be justified in finding possession; evidence from which possession may be inferred, but the court cannot infer it.

The counsel for the plaintiffs in error contend, that the Chesapeake and Ohio Canal Company, who claim their title under the inquest, have admitted it; and are not now at liberty to controvert it. On the influence of the inquest in this cause, some contrariety of opinion prevails among the judges; but the defendants in error have made a preliminary question, which, if decided in their favour, will terminate the present suit.

The declaration in ejectment is dated on the 22d of May 1831, and the judgment was rendered on the 14th of January 1832. The plaintiff in ejectment counts on a demise made by Amos Binney, on the 1st day of January 1828. His title, as shown in the abstract, commenced on the 17th of May 1828, which is subsequent to the demise on which the plaintiff counts. Though the demise is a fiction, the plaintiff must count on one, which, if real, would support his action.

We find in the record an entry that the declaration is amended, by adding a demise from J. K. Smith, one from the heirs of Amos Cloud, and another from John Way. These counts, however, do not appear, and the court would feel great difficulty in framing them.

If this difficulty could be overcome, the abstract shows that J. K. Smith conveyed all his title on the 17th of May 1828, before this action was commenced.

It also shows that the title of Amos Cloud's heirs was conveyed from them by deeds bearing date in 1816 and 1819.

John Way, the remaining lessor of the plaintiff, conveyed his title by deed, dated the 6th of October 1815.

Had these additional counts been filed, neither of the lessors possessed any title when this ejectment was brought, or when it was tried. The case, therefore, could not have been aided by counts on demises from them.

The counsel for the defendants have insisted, that if the cause cannot be decided on its supposed real merits, it ought to be remanded to the circuit court, for the purpose of receiving such modifications as will bring before this court those ques-

tions of law on which the rights of the parties depend. Where error exists in the proceedings of the circuit court, which will justify a reversal of its judgment, this court may send back the cause, with such instructions as the justice of the case may require. But if, in point of law, the judgment ought to be affirmed, it is the duty of this court to affirm it.(*a*) We cannot, with propriety, reverse a decision which conforms to law, and remand a cause for further proceedings.

The judgment of the circuit court is affirmed with costs.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel ; on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court be, and the same is hereby affirmed with costs.

(*a*) 6 Cranch 268, 2 Cond. Rep. 367.